**D. Wesley Cornish, Esquire**
**Id #: 310865**
**Cornerstone Legal Group, LLC**
**1510 Cecil B. Moore Avenue, Suite 301**
**Philadelphia, PA 19121**

**JURY DEMAND**
Damage Assessment Required

**Attorney for Plaintiff**

## IN AND FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

*Plaintiff*

**JOSEPH NEWTON AND LUZ GARCIA,**

Case No._____

VS.

*Defendants*

**POLICE OFFICER JOSEPH MCCLOSKEY, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER PERRY BETTS, CITY OF PHILADELPHIA, POLICE OFFICER JEFFREY WALKER, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER JONATHAN SPEISER, POLICE OFFICER BRIAN REYNOLDS, POLICE OFFICER LINWOOD NORMAN, POLICE COMMISSIONER CHARLES RAMSEY FIRST DEPUTY COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER KEVIN BETHEL, DEPUTY COMMISSIONER THOMAS WRIGHT, DEPUTY COMMISSIONER WILLIAM BLACKBURN, DEPUTY COMMISSIONER DENISE TURPIN, MICHELLE NORMAN, PHILADELPHIA POLICE CHEMIST CHRISTINE TYSON, PHILADELPHIA POLICE CHEMIST KANDIS GILLARD, PHILADELPHIA POLICE CHEMIST PHILIP SAJJU, JAMES O'NEILL, LESLIE SIMMONS, NATHAN LONDON, RICKMAN WILLIAMS-JACKSON, GREGORY BARBER, KEVIN GORMAN,  JOHN DOES 1-25, JANE DOES 1-25**; officially, personally and all together individually, personally, joint, and severally..

**D. Wesley Cornish, Esquire**                    **JURY**
**Id #: 310865**                                   Damage Assessment Required
**Cornerstone Legal Group, LLC**
**1510 Cecil B. Moore Avenue, Suite 301**
**Philadelphia, PA 19121**                        **Attorney for Plaintiff**

**IN AND FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

*Plaintiff*

**JOSEPH NEWTON AND LUZ GARCIA,**

Case No._____

VS.

*Defendants*

**POLICE OFFICER JOSEPH MCCLOSKEY, POLICE OFFICER MICHAEL SPICER, POLICE OFFICER PERRY BETTS, CITY OF PHILADELPHIA, POLICE OFFICER JEFFREY WALKER, POLICE OFFICER THOMAS LICIARDELLO, POLICE OFFICER JONATHAN SPEISER, POLICE OFFICER BRIAN REYNOLDS, POLICE OFFICER LINWOOD NORMAN, POLICE COMMISSIONER CHARLES RAMSEY FIRST DEPUTY COMMISSIONER RICHARD ROSS JR., DEPUTY COMMISSIONER KEVIN BETHEL, DEPUTY COMMISSIONER THOMAS WRIGHT, DEPUTY COMMISSIONER WILLIAM BLACKBURN, DEPUTY COMMISSIONER DENISE TURPIN, MICHELLE NORMAN, PHILADELPHIA POLICE CHEMIST CHRISTINE TYSON, PHILADELPHIA POLICE CHEMIST KANDIS GILLARD, PHILADELPHIA POLICE CHEMIST PHILIP SAJJU, JAMES O'NEILL, LESLIE SIMMONS, NATHAN LONDON, RICKMAN WILLIAMS-JACKSON, GREGORY BARBER, KEVIN GORMAN,  JOHN DOES 1-25, JANE DOES 1-25**; officially, personally and all together individually, personally, joint, and severally.

---

**VERIFIED COMPLAINT**

1. Plaintiffs Joseph Newton ("Newton"), by and through counsel, D. Wesley Cornish, Esquire, states as

   follows:

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3.  This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants reside in this district and virtually all of the acts described in this Complaint occurred in this district.

## PLAINTIFF

5.  Plaintiff is Joseph Newton, an individual and resident of the Commonwealth of Pennsylvania with an address of 3600 Gateway Drive Apartment A401 Philadelphia, Pennsylvania 19145.

6.  Plaintiff is Luz Garcia, an individual and resident of the Commonwealth of Pennsylvania with an address of 719 Ellsworth Street Philadelphia, Pennsylvania 19147.

## DEFENDANTS

7.  Defendant is Joseph McCloskey Badge Number 331, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

8.  Defendant is the City of Philadelphia, a city of the first class, organized and existing pursuant to the laws of the Commonwealth of Pennsylvania, the Philadelphia Home Rule Charter and Philadelphia Code, with offices located at City Hall 1501 Market Street Room 215, Philadelphia, PA 19107.

9.  Defendant is Brian Reynolds Badge Number 4268, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

10. Defendant is Thomas Liciardello Badge Number 4383, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

11. Defendant is Michael Spicer Badge Number 5180, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

12. Defendant is Jeffrey Walker Badge Number 3730, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

13. Defendant is Perry Betts Badge Number 6761, a police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

14. Defendant is Jonathan Speiser Badge Number 7169, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

15. Defendant is Linwood Norman Badge Number 5214, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

16. Defendant is Philip Sajju, a chemist in the Forensic Laboratory for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

17. Defendant is Kandis Gillard, a chemist in the Forensic Laboratory for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

18. Defendant is Christine Tyson, a chemist in the Forensic Laboratory for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

19. Defendant is Charles Ramsey, the duly appointed Police Commissioner of the Philadelphia Police Department with principal offices located in the Police Administration Building, 8th and Race Streets, Philadelphia, PA 19107.

20. Defendant is First Deputy Commissioner Richard Ross, Jr. c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

21. Defendant is Deputy Commissioner Kevin Bethel, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

22. Defendant is Deputy Commissioner Thomas Wright c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

23. Defendant is Deputy Commissioner William Blackburn, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

24. Defendant is Deputy Commissioner Denise Turpin, c/o Law Department, 8th and Race Streets, Philadelphia, PA 19107.

25. Defendant is Michelle Norman, is an individual and resident of the Commonwealth of Pennsylvania with a current address of 850 School Lane Folcroft, PA 19032.

26. Defendant is Kevin Gorman Badge Number 3778, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

27. Defendant is James O'Neill Badge Number 5786, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

28. Defendant is Gregory Barber Badge Number 2259, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

29. Defendant is Rickman Williams-Jackson Badge Number 2612, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

30. Defendant is Nathan London Badge Number 6760, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

31. Defendant is Leslie Simmons Badge Number 4561, a Police officer for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

32. Defendant is Police Officer John Does 1-25, Badge Numbers unknown, Police officers for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

33. Defendant is Police Officer Jane Does 1-25, Badge Numbers unknown, Police officers for the Philadelphia Police Department, with entity offices at 1515 Arch Street, 15th Floor Philadelphia, PA 19102.

## FACTUAL BACKGROUND

34. On or about January 14, 2010 Defendants arrested Plaintiff Joseph Newton for possession of a controlled substance[1].

35. On or about January 18, 2009 at 2:15pm, in the area of 1700 South Point Breeze Avenue in Philadelphia, Pennsylvania, City of Philadelphia Police Officers Linwood Norman and Jeffrey Walker were working as members of the Narcotics Strike Force ("NSF") and/or Narcotics Field Unit ("NFU") and arrested Plaintiff again for Possession with Intent to Distribute Narcotics[2].

36. Officer Walker[3] observed a black male later identified as Joseph Newton operating a black Kia pull up and get out of the vehicle in the 1700 Block of South Point Breeze Avenue and met with an unknown younger black male.

37. After a brief conversation, Officer Walker observed Joseph Newton give unknown amount of United States currency to the unknown black male in return the unknown black male pulled a black plastic bag from his jacket pocket and gave it to Joseph Newton.

38. After receiving the bag Joseph Newton got back into his vehicle and was followed by Officers Walker and Norman to the 1800 Block of Ringgold Street were the vehicle pulled over when he was stopped by Officers Walker and Norman .

39. Officer Norman recovered from the Plaintiff's jacket pocket was one plastic bag containing two clear knotted bags containing alleged cocaine with fifty-six (56) grams.

---

[1] **CP-51-CR-0003470-2010**
[2] **CP-51-CR-0001460-2010**
[3] Officer Jeffrey Walker also a former Narcotics Strike Force member was convicted on February 24, 2014 for, attempted robbery interfering with interstate commerce, and carrying a firearm during and in relation to a crime of violence.

40. Officer Norman also recovered from the Plaintiff's pants pocket was one black plastic bag containing numerous new and used clear packets, one small red straw, one black digital scale, one joker playing card.

41. Officer Walker confiscated one cell phone from the Plaintiff.

42. Defendants knowingly struck Plaintiff Newton after Plaintiff provided responses not desired by the Defendants regarding alleged criminal conduct with the Defendants continually yelling "where is the fucking gun, we want your boss".

43. The Defendants then threw the Plaintiff into the back of the police vehicle and drove around the Point Breeze neighborhood threatening to tell people he was a snitch and he should be killed.

44. The Defendants stopped the vehicle multiple times threatening to release the Plaintiff in dangerous and known high drug trafficking areas.

45. The Defendants continued to question the Plaintiff about alleged criminal activity while threatening to harm him, until all arrived at the Police Department in violation of his Civil Rights, namely Federal Constitutional Amendment V and XIV.

46. Plaintiff was transported to the 24th and Wolf Streets for processing.

47. While held for processing Plaintiff Luz Garcia went to the same police station and sought details regarding Plaintiff Newton's.

48. Plaintiff Garcia was interviewed by numerous different Officers, including Walker and Norman and was threatened multiple times.

49. Multiple Officers informed Plaintiff Garcia she would be arrested and charged as a co-conspirator, in a possession with intent to distribute a controlled substance.

50. While some Defendants questioned her numerous other Defendants without Plaintiff's permission nor a warrant, entered her the home leased in her name only at 3912 Gateway Drive Apartment B2 Philadelphia, Pennsylvania 19145.

51. Defendants greatly damaged Plaintiff Garcia's home by destroying her entryway door and creating a substantially large hole in her wall.

52. Discovery provided in this matter included Philadelphia Chemistry Laboratory Reports prepared by Christine Tyson, Kandis Gillard, and Philip Sajju.

53. This material included tests showing positive indications for a controlled substance and were used as a basis and introduced as Commonwealth evidence at his pre-trial, plea/trial, and sentencing.

54. On May 13, 2010, Mr. Newton plead guilty to Possession with Intent to Distribute a controlled substance.

55. The Honorable Karen Shreeves-Johns accepted his guilty plea and sentenced him on June 24, 2010 to one and a half to three years in prison.

56. Officer Walker was arrested after federal law enforcement agents witnessed him place illegal narcotics in a suspect's car, steal a house key, and enter another victim's home, therein stealing approximately fifteen thousand dollars ($15,000).

57. On February 24, 2014, Officer Walker pled guilty to attempted robbery, which interferes with interstate commerce and carrying a firearm during and in relation to a crime of violence.

58. Officer Walker admitted to federal law enforcement officials, he had regularly fabricated facts constituting probable cause regarding arrests.

59. Officer Walker also admitted he had planted drugs, stolen drugs, stolen money, and lied about those actions in the police paperwork.

60. On July 30, 2014 Philadelphia Police Officers, Jonathan Speiser, Thomas Liciardello, Brian Reynolds, Perry Betts, Linwood Norman, and Michael Spicer were arrested by federal agents.

61. A grand jury indicted these Police Officers for twenty-six (26) separate offenses spanning a six (6) year period from February 2006 until November 2012.

62. The indicted offenses against these Police Officers include but are not limited to abuse of authority, robbery, extortion, kidnapping, conspiracy, falsifying police reports, narcotics trafficking, violations of citizens' civil rights, and racketeering.

63. These Police Officers routinely stopped vehicles, entered and searched suspected drug dealers' properties, used threats and physical violence to steal property, cash, and drugs during the process.

64. There are twenty-two separate incidents where the Officers' malfeasance allowed them illegal access to obtain drugs, property, and cash valued at over five-hundred thousand dollars ($500,000.00).

65. Every accusation by the Police Officers against Mr. Newton was, presumably, false, and was unknown to defense counsel at the time each plead guilty.

66. On September 26, 2014, the Honorable Shelia Woods-Skipper granted, Joseph Newton's Motion for a New Trial/Post-Conviction Relief Act ("PCRA") petition and overturned his conviction, and ordered a new trial based on these Officers' misconduct and criminality arising from the same circumstances. The Commonwealth nolle prossed any charges and agreed to refrain from commencing any further prosecution regarding this underlying conduct.

## COUNT I – ASSAULT & BATTERY

67. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

68. At all times relevant hereto, Defendants were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

69. To set forth a claim for Assault and Battery the Plaintiff must establish[4] a person: 1) Attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[5]; or 2) Negligently causes bodily injury to another with a deadly weapon[6]; or 3) Attempts by physical menace to put another in fear of imminent serious bodily injury[7]

70. Each Defendant at all relevant times owed a sworn duty and obligation to act in accordance with standard and accepted police policies and procedures and safeguard all suspected persons' civil rights, liberties, and privileges from unwarranted curtailment.

71. The Defendants collectively deprived while acting under color of law via their acts, omissions, conspiracies, lack of supervision, mismanagement, policies, customs, and improper training rights, privileges, and immunities belonging to Plaintiff Newton, Witherspoon, and Fannings.

72. The Defendants under color of law violated at a least the Plaintiff rights, privileges, and immunities to liberty, free assembly, equal protection, unreasonable search and seizure, due process, cruel and unusual punishment, freedom to move/travel, and to own property free from government removal without just compensation via their acts, omissions, conspiracies, lack of supervision, mismanagement, policies, customs, and improper training when these Police Officers failed at developing probable cause or procuring a truthful factually valid warrant before making an arrest absent exigent circumstances.

73. Defendants at all relevant times had a duty to uphold all Federal Constitutional and Statutory laws in addition to those imposed from the Commonwealth of Pennsylvania including safeguarding a person's right to be free from unreasonable search, seizures, arrest, and the like.

74. Defendants physically exerted control over Plaintiff Newton by grasping and seizing his body, and placing him into metal handcuffs.

---

[4] 18 P.S. §2701
[5] *Id*.
[6] *Id*.
[7] *Id*.

75. The Defendants without reasonable cause, no warrant, and in clear violation of the Pennsylvania law regarding car searches which held Pennsylvania's liberty and freedom to a much higher standard than the Federal Constitution warranted and there was no good faith exception allowed for automobiles.

76. Defendants are liable for injuring Plaintiff Newton because Defendants without a warrant, nor any just or probable cause, searched, seized, handcuffed, questioned, and transported to the police station for further processing each Plaintiff.

77. The Defendants physically struck Plaintiff numerous times in the face, head, back, torso, legs, chest, arms, and upper body regions in addition to violently throwing him to the ground where the Defendants continued striking the Plaintiff.

78. During the Defendants' assault, Plaintiff Newton had personal property and a mobile phone searched and seized improperly and all without being placed on a property receipt.

79. While Defendants restrained Plaintiff via arrest, other Defendants physically struck Plaintiff's person against his will and without permission.

80. Defendants ignored the Plaintiff's numerous and repeated requests to stop hurting him and continued to physically strike Plaintiff Newton and threatened to do more serious harm if they reported to any other police officers what they witnessed.

81. Defendants physically menaced Plaintiff and attempted through threats and the physical violence from reporting, testifying to, or otherwise disclosing the actions the Plaintiff witnessed the Defendants commit thereby violating their Federal and Commonwealth Constitutional rights.

82. As a result of the injuries sustained by Plaintiff due to the Defendants combined behaviors while acting under color of law, allowing a pervasive municipal/city and law enforcement policy and custom of not closely regulating the Police Department's use of Confidential Informants during narcotics investigations, and failing to properly supervise those under their command to prevent numerous civil rights deprivations.

83. The Defendants assault and battery, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference and reckless disregard to supervise, monitor and properly train narcotics officers with respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct directly, foreseeably, legally, and proximately caused Plaintiff's injuries.

84. Defendant City of Philadelphia has failed to properly discipline the defendant officers and other officers in the Police Department in cases involving violations of rights of civilians, including cases of improper searches, seizures, arrests, and prosecutions, thereby causing the violations in this case and this callous and reckless disregard authorizes Plaintiff to seek punitive damages[8].

85. Philadelphia NSF Officers have been engaged in a widespread pattern of systematic abuses of power including and not limited to assault related offenses for arresting Plaintiff but also for other crimes such as corruption, evidence falsification, perjury, Hobbs Act robbery, and racketeering.

86. The Plaintiff to have suffered and/or will continue to suffer injuries the following injuries and damages:

    a. Past and future costs for medical treatment and care;

    b. Loss of past and future earnings and earning capacity;

    c. Loss of enjoyment of life;

    d. Loss of enjoyment of freedom;

    e. Past and future pain and suffering, inconvenience, and emotional distress

---

[8] *Smith v. Wade*, 103 S.Ct. 1625 (1983)

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT II – FALSE ARREST

87. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

88. At all times relevant hereto, Defendants were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

89. To establish a claim for false arrest Plaintiff must demonstrate an arrest was made without probable cause[9]

90. At all relevant times Defendants had a duty to train, supervise, promulgate proper policies and customs, and only use probable cause supported by truthful facts before arresting, touching, searching, and seizing Plaintiff Newton and to ethically and honestly and ensure those standards are especially met confidential informants are utilized for illegal narcotics investigations.

---

[9] *Brockington v. City of Phila.*, 354 F.Supp.2d 563, 572 n.10 (E.D.P.A. 2005)

91. At all relevant times Defendants had a duty to not arrest, search, and imprison every person(s) seen conducting a commercial transaction between citizens on a street corner when unidentified property is involved does not give rise to probable cause for an arrest[10].

92. At all relevant times Defendants never observed either drugs or containers commonly known to hold drugs exchanged between the parties, thereby nullifying any probable cause to initiate an arrest and subsequent imprisonment[11].

93. Furthermore, at all relevant times Defendants did not observe multiple, complex, suspicious transactions as is also required to establish probable cause to make an arrest[12].

94. Defendants only observed one male engaged in a brief conversation and never actually saw illegal narcotics exchanged between any parties.

95. The Defendants knew Commonwealth law clearly demonstrated there was no probable cause because unlike *Commonwealth v. Dennis*[13], none of the Defendant Police Officers in the instant case were responding to a citizen's complaint or to a legitimate, uncorrupted, regulated, supervised, and officer trained informant's tip[14].

96. Plaintiff Newton complied with the Defendants commands, directions, and orders, because the Defendants were police officers acting under the color of law[15], and never attempted to flee, resist, or otherwise obstruct the Defendants' and therefore these facts eliminate another probable cause factor[16].

97. Defendants knowingly, intentionally, purposefully, and negligently failed to establish probable cause to determine Plaintiff Newton possessed controlled substances with the intent to deliver before falsifying

---

[10] *Commonwealth v. Lawson*, 454 Pa. 23, 29 (1973); *see Commonwealth v. Greber*, 478 Pa. 63 (1978)
[11] *Commonwealth v. Dennis*, 417 Pa. Super 425 (Pa. Super. 1993)
[12] *Lawson*, 454 Pa. at  29
[13] *Dennis*, 417 Pa. Super 425
[14] *Id*.
[15] While effecting the Plaintiffs' arrest and subsequent search warrants not all Defendants wore an official police uniform and did not identify themselves as law enforcement agents during any Plaintiffs' arrest.
[16] PRELIMINARY HEARING TRANSCRIPT

an affidavit of probable cause, obtaining search warrants via fraudulent attestations, and searching, seizing, physically striking, and improperly removing property from the Plaintiff.

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT III – FALSE IMPRISONMENT

98. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

99. At all times relevant hereto, Defendants were acting under and pursuant to the color of law as employees and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

100. To set forth a claim for False Imprisonment the Plaintiff must establish a person: 1) Detained another person[17]; and 2) the detention's unlawfulness[18].

101. Any detention is unlawful if it is a consequence of a false arrest, including one made without probable cause[19].

---

[17] *Brockington v. City of Phila.*, 354 F.Supp. 2d 563, 572 n.10 (E.D.P.A. 2005)
[18] *Id*.
[19] *Id*.

102. Pennsylvania has a higher standard of protection for personal liberties, rights, and immunities than does the federal requirements[20].

103. The Defendants detained the Plaintiff when during his respective arrest for an ongoing period.

104. The Defendants detention was unlawful because it was the result of a false arrest and/or made without probable cause.

105. Defendants at all times relevant hereto, acting under the color of law, within their scope of employment, and required duties, knowingly and unlawfully restrained Plaintiff Newton without probable cause, thereby substantially interfering with the Plaintiff's liberty, privileges, immunities, and freedom interests.

106. Defendants knowing and unlawful actions caused Plaintiff Joseph Newton's unjust incarceration violating his federal and Commonwealth Constitutional rights, privileges, and immunities.

107. Defendants knew it was reasonably foreseeable if Plaintiff Newton received a future criminal conviction he would receive an improper prior criminal history record score in addition to possible other offense enhancements regarding both Commonwealth and Federal sentencing guidelines based upon an unlawful arrest grossly and shockingly violating his rights, privileges, and immunities.

108. The Defendants knowingly restrained the Plaintiff while acting under the color of law substantially interfering with his liberties, privileges, and immunities including rights to possess property and not have it appropriated without just compensation, due process, equal protection, prohibition against cruel and unusual punishment, among others.

109. The Defendants false imprisonment, their confederates, and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference to supervise, monitor and properly train narcotics officers and chemists with

---

[20] *Commonwealth v. Gary*, 586 A.2d 887, 894-95 (Pa. 1991) (At the outset, it is important to recognize that this Court may extend greater protections under the Pennsylvania Constitution than those afforded under the U.S. Constitution)

respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct **directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages:**

    a.  Past and future costs for medical treatment and care;

    b.  Loss of past and future earnings and earning capacity;

    c.  Loss of enjoyment of life;

    d.  Loss of enjoyment of freedom;

    e.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## <u>COUNT IV – MALICIOUS PROSECUTION</u>

110. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

111. To set forth a claim for Malicious Prosecution[21] a Plaintiff must show: 1) The Defendant is a State Actor[22], 2) The Defendants initiated a criminal proceeding[23]; 3) The criminal proceeding ended in the Plaintiff's favor[24]; 4) The proceeding was initiated without probable cause[25]; 5) The Defendants acted maliciously or for a purpose other than bringing the Plaintiff to justice[26]; and 6) The Plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding[27].

112. At all times relevant hereto, Defendants were State and Commonwealth actors, acting under and pursuant to the color of law, as employees, appointees, and/or agents acting on behalf and/or pursuant to the supervision of Defendants City of Philadelphia, Charles Ramsey, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin.

113. The Defendants initiated a criminal case against all the Plaintiff via arrest[28].

114. The proceeding initiated by the Defendants against Plaintiff Newton in his criminal case, ended in his favor on September 26, 2014 when his PCRA was granted by the Honorable Shelia Woods-Skipper and the Philadelphia District Attorney's Office requested and the Judge granted a nolle prossed for the charges agreeing never to seek a criminal trial based on this tainted impermissible evidence.

115.   The arresting Defendants in the instant case, knowingly lacked probable cause to stop, investigate, arrest, detain, charge, attest, and testify against the Plaintiff.

116.   The Defendants never witnessed a narcotics transaction between Plaintiff Newton involving either him or any other person.

117.   The Defendants attested and testified to observing Mr. Newton receiving from an unknown and uncharged person and undetermined small item object.

---

[21] *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3rd Cir. 2003); *Johnson v. Knorr*, 477 F.3d 75, 82 (3rd Cir. 2007); *see Bradley v. General Accident Ins.*, 778 A.2d 707, 710 (Pa. Super 2001).
[22] *Estate of Smith*
[23] *Id*.
[24] *Id*.
[25] *Id*.
[26] *Id*.
[27] *Id*.
[28] CP-51-CR-0003595-2008, CP-51-CR-0011300-2008, CP-51-CR-0006437-2008

118.  Alternatively, the Defendants used a corrupted and unreliable Confidential Informant to secure impermissible evidence and used it against these Plaintiff collectively and individually to unlawfully and without a warrant search Mr. Newton's person and vehicle.

119.  The Plaintiff contends the arresting Defendants fabricated and attested and testified about a phantom male drug seller, who was not identified, questioned, arrested, charged, and/or prosecuted to corroborate and support their search and seizure warrants and the subsequent prosecution.

120.  The Defendants knew at the time they arrested and prosecuted Plaintiff, the Commonwealth of Pennsylvania provided a higher standard regarding preserving and protecting Constitutional rights, privileges, and immunities.

121.  The Defendants acted with a malicious purpose when they fabricated, attested to, and testified about fraudulent evidence leading to a wrongful conviction and constitutionally violative resultant incarceration for every Plaintiff.

122.  The Defendants acted with a malicious purpose when they fabricated, attested to, and testified about fraudulent evidence while acting pursuant to and under the color of law, utilized possession of their firearms to intimidate and place in apprehension and extreme fear of serious bodily injury and/or death the Plaintiff to provide their personal property to the arresting Defendants against their will and vociferous verbal objections.

123.  Falsifying official documents, testifying falsely after the oath requiring honesty is administered and affirmed, and actively concealing these actions to prosecute innocent persons and preserve those already obtained improperly, served no legitimate law enforcement or public welfare purpose and was used as a malicious and an extreme and outrageous event that shocks the conscience of any reasonable person, and is a complete betrayal of the Public's Trust and faith in law enforcement.

124.  The Defendants' acts and omissions towards Plaintiff made them suffer a deprivation of liberty via significant incarceration terms both before and after their sentencing, which is consistent with the concept of seizure as a consequence of a legal proceeding.

125.  The Plaintiff's liberty deprivation occurred for this prong's purposes were the consequence of numerous related legal proceedings from their initial bail hearings until their final trial dispositions.

126. The Defendants malicious prosecution, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia's, Richard Ross, Jr.'s, Kevin Bethel's, Thomas Wright's, William Blackburn's, Denise Turpin's, and Charles Ramsey's displayed deliberate indifference to supervise, monitor and properly train narcotics officers with respect to their duty to provide only truthful information in securing search and arrest warrants, their duty to ensure that relationships with confidential informants are in accord with police department protocol, their duty to provide accurate and truthful information to the District Attorney's Office, their duty to report misconduct and illegal actions of other officers, and the fabrication of evidence against an accused to justify their illegal actions and conduct directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages:

    f.  Past and future costs for medical treatment and care;

    g.  Loss of past and future earnings and earning capacity;

    h.  Loss of enjoyment of life;

    i.  Loss of enjoyment of freedom;

    j.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory

Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## **COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

127. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

128. To set forth a claim for Intentional Infliction of Emotional Distress[29] a Plaintiff must demonstrate: 1) The Defendants' conduct was extreme and outrageous[30]; 2) Defendants' conduct was intentional or reckless[31]; 3) Defendants' conduct caused emotional distress[32]; and 4) The distress must be severe[33].

129. The Defendants' conduct is especially egregious, extreme, and shocking because they were all tasked with upholding general society's and the Philadelphia community's public safety, general welfare, order, and laws and instead used those powers to enrich themselves by stealing and misappropriating the Plaintiff's collective property, perpetrate fraud upon the criminal tribunals with their falsified documents and testimony, and the sheer size of their conspiracy.

130. This chain conspiracy extends to at least 1999 and has endemically perverted justice throughout the Philadelphia Police Department's Narcotics Strike Force leading to a massive amount of corruption and abuses of authority has led to thousands of wrongful convictions and the destruction of peaceful life for some of the city's poorest, most at risk citizens, and neighborhoods is extreme and outrageous conduct.

---

[29] *Salerno v. Philadelphia Newspapers, Inc.*, 546 A.2d 1168, 1172 (1988)
[30] *Id*.
[31] *Id*.
[32] *Id*.
[33] *Id*.

The number of families and persons harmed and emotionally scarred and damaged due to these Defendants' actions is currently too incalculably large to determine.

131.  The Defendants knew pursuant to the Federal Constitution, the Commonwealth Constitution, and a litany of statutes and case law from both jurisdictions, and that Pennsylvania Courts and the Legislature have established a higher standard of protection for its citizens rights, liberties, privileges, and immunities, and the Defendants from attesting in police work and testifying in previous cases knew their conduct was unethical, unconstitutional, and illegal clearly intentionally and/or recklessly.

132.  All Plaintiff suffered emotional distress due to Defendants' extreme and outrageous conduct.

133.  The Defendants' actions caused the Plaintiff severe distress by imprisoning him, removing almost all his basic rights, freedoms, privileges, and immunities and causing them to miss spending time with his family members and friends, not being able to attend funerals, take care of sick and dying loved ones, miss weddings, and many other live events and milestones.

134.  The Defendants' actions also deprived the Plaintiff the opportunity for obtaining legitimate employment opportunities and additionally caused each Plaintiff, who was employed when arrested, to lose their jobs, causing severe emotional trauma and anxiety due to their inabilities to properly provide for their respective families.

135. Plaintiff has suffered severe emotional and psychological consequences and effects due to the Defendants' actions, which caused his prolonged incarceration, a place where the Defendants could reasonably foresee mental health, counseling, and psychological services are extremely limited and oftentimes below acceptable guidelines.

136. The Defendants herein referenced in the above-referenced count caused all Plaintiff severe emotional distress from their actions including but not limited post-traumatic stress disorder, restlessness, sleeplessness, trauma, shock, fear, anxiety, depression, and numerous other related injuries.

137. The Defendant arresting Police Officers' intentional infliction of emotional distress, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages:

k. Past and future costs for medical treatment and care;

l. Loss of past and future earnings and earning capacity;

m. Loss of enjoyment of life;

n. Loss of enjoyment of freedom;

o. Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT  VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

138. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

139. To set forth a claim for Negligent Infliction of Emotional Distress the Plaintiff must show one of four factual scenarios: 1) Situations where the Defendant had a contractual or a fiduciary duty toward the Plaintiff[34]; or 2) The Plaintiff was subjected to Physical Impact[35]; or 3) The Plaintiff was in a zone of danger, thereby reasonably experiencing a fear of impending physical injury[36]; or 4) The Plaintiff observed a tortious injury to a close relative[37].

140. In this matter, only the first three Negligent Infliction of Emotional Distress factors are applicable as no Plaintiff are closely related.

141. General principles of tort law suggest that Defendants owed Plaintiff a duty of care under the circumstances because they were acting under the color of law as armed law enforcement agents, with specially enumerated governmental privileges to compel compliance and initiate the legal use of force.

142. The Commonwealth Superior Court indicated the reach of the first type of Negligent Infliction of Emotional Distress claim, relevant here, is limited "'to preexisting relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach[38].'"

143. There must exist a special relationship between the Plaintiff and Defendant that "'encompass[es] an implied duty to care for the Plaintiff's emotional well-being[39].'"

144. Foreseeability of a Plaintiff's injury "is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate"[40].

145. The test for negligence is one of "reasonable foreseeability"[41].

---

[34] *Toney v. Chester Cnty. Hosp.*, 961 A.2d 192, 197-98 (Pa. Super 2008), *order aff'd by equally divided court*, 36 A.3d 83 (Pa 2011)
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 218 (Pa. Super 2012)(quoting *Toney v. Chester Cnty. Hosp.*, 36 A.3d 83, 95 (Pa 2011)(opinion in support of affirmance)
[39] *Id.* (quoting Toney v. Chester Cnty. Hosp., 36 A.3d at 95).
[40] *Carter Lincoln-Mercury, Inc. Leasing Div. v. EMAR Grp., Inc.*, 638 A.2d 1288, 1294 (N.J. 1994)
[41] *Toney v. Chester Cnty.* Hosp., 961 A.2d 192, 199 (Pa. Super 2008) (quoting *Armstrong v. Paoli Mem. Hosp.*, 633 A.2d 605, 608 (Pa. Super 1993)).

146. All Defendants were acting under the color of law as armed law enforcement agents, with specially enumerated governmental privileges to compel compliance and initiate the legal use of force and knew and understood utilizing force may be necessary and therefore had a duty to only use the necessary amount of force to achieve their objectives.

147. The Defendants subjected the Plaintiff to physical impact when they arrested and restraining them with metal handcuffs, searched, and seized their persons, then placed them into transportation in a locked, inescapable metal bar reinforced police vehicle, and placed them against their will into jail where no Plaintiff could leave.

148. *Consolidated Rail Corp*[42], provides the definition for zone of danger rules, and similarly here, at all times from their initial encounter with the Defendants until they were brought before the Court, the Plaintiff were in a zone of danger because due to the Defendants violent actions towards all of them in very close proximity to each other during their respective arrests, in addition to verbal threats and coercion to prevent disclosing the Defendant's behavior subsequently made, placed every Plaintiff in immediate risk of physical harm by the Defendants' negligence and frightened each Plaintiff by the risk harm.

149. The Defendants' actions caused Plaintiff thereby to reasonably experience a fear of impending physical injury via his proximity to the danger zone.

150. The Defendants negligent infliction of emotional distress, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential

---

[42] *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 548 (1994) (holding if the zone of danger rule applies, plaintiffs suing for Negligent Infliction of Emotional Distress may only recover damages if they were [1] "placed in immediate risk of physical harm" and [2] frightened by the risk of harm)

informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages

    a.  Past and future costs for medical treatment and care;

    b.  Loss of past and future earnings and earning capacity;

    c.  Loss of enjoyment of life;

    d.  Loss of enjoyment of freedom;

    e.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT VII – CONVERSION

151. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

152. Pursuant to Pennsylvania law, conversion is the deprivation of another's right of property in, or use or possession of, a chattel, without the owner's consent and without lawful justification[43].

---

[43] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997); *Shonberger v. Oswell*, 530 A.2d 112 (Pa. Super. 1987); Stevenson v. *Economy Bank of Ambridge*, 197 A.2d 721, 726 (1964).

153. Conversion can result only from an act intended to affect chattel. Specific intent is not required, however, but rather intent to exercise dominion or control over the goods, which is in fact inconsistent with the plaintiff's rights, establishes the tort[44].

154. A plaintiff must demonstrate a present possessory right to the chattel in question before plaintiff can claim conversion[45].

155. Money may the subject of conversion[46] and a fiduciary or other trust relationship is irrelevant in determining whether a person converted property[47].

156. The United States currency and property removed from the Plaintiffs' persons, and property was legally possessed and each Plaintiff had a legally protected interest within it[48].

157. When the Defendants removed thousands of dollars from the Plaintiff persons and property and when they seized other personal property and continue to unlawfully retain it, knowingly utilized these items for their own purposes, with the intent to deprive the owners' of rightful use, ownership, was clearly done without the Plaintiff's consent and no lawful justification existed for doing so.

**WHEREFORE**, Plaintiff demand judgment against Defendants Jeffrey Walker, Linwood Norman, and Michelle Norman, in their individual and personal capacities, individually, jointly, and severally in a compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).


## COUNT VIII – NEGLIGENCE

158. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

---

[44] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997)
[45] *Pittsburgh Construction Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003)
[46] *Shonberger v. Oswell*, 530 A.2d at 114; *Bernhardt v. Needleman*, 705 A.2d at 878; *Pearl Assurance Co. v. National Ins. Agency,* 30 A.2d 333, 337 (1943)
[47] *Martin v. National Surety Corp.*, 262 A.2d 672 (Pa 1970)
[48] *Bernhardt v. Needleman*, 705 A.2d 875, 878 (Pa. Super. 1997)

159. A supervisory official may be liable even where not directly involved in the constitutional violation. The misconduct of the subordinate must be "affirmatively link[ed]" to the action or inaction of the supervisor[49].

160. The personal involvement of a supervisor may be established by showing that he (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated[50].".

161. Plaintiff allege Defendant Linwood Norman was a supervisor whom was directly involved and participated with violating duties owed to the Plaintiff.

162. Defendant Norman along with other Defendants conspired and actively worked together and shared misappropriated property with one another whenever these acts were done towards innocent civilians including the Plaintiff.

163. Defendants City of Philadelphia, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin failed to remedy the violations committed by subordinate Defendants despite numerous reports regarding malfeasance and abuse of authority submitted to them[51].

164. Defendants City of Philadelphia, Linwood Norman, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants allowed an internally created  and/or custom to not closely supervise, train, oversee, and maintain quality control on the Narcotics Strike Force Officers who conducted drug investigations.

165. Defendants City of Philadelphia, Linwood Norman, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants

---

[49] *Rizzo v. Goode*, 423 U.S. 362, 371 (1976);
[50] *Iqbal v. Hasty*, 490 F.3d 143,152 (2d Cir. 2007) *cert. granted sub nom Ashcroft v. Iqbal*, 128 S. Ct. 2931 (2008)
[51] These materials include but are not limited to Official Citizen Complaints, Internal Affairs Complaints, and Police Board of Inquiry Reports and Findings

allowed a City policy and/or custom to not closely manage, supervise, conduct integrity checks upon, and/or otherwise utilize reasonable measures to ensure Confidential Informants exist, are reliable, do not falsify evidence, and/or are not serious criminals framing other persons to conceal their criminal activity.

166. Defendants City of Philadelphia, Linwood Norman, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin while supervising subordinate Defendants were grossly negligent in supervising subordinates who committed the violations.

167. Numerous public and private complaints were filed by persons throughout the jurisdiction claiming subordinate Defendants along with numerous other Narcotics Strike Force Officers were on a wide and pervasive scale depriving suspects of their Federal and Commonwealth Constitutional Rights via property theft, false arrest, false imprisonment, assault, robbery, kidnapping, and other related crimes.

168. These complaints and requests for help against the subordinate Defendants conduct to their superiors went unheeded in a grossly negligent manner as these Officers were often exonerated or had charges against them classified as unfounded by the Police Department, Commissioners, superiors, and the Internal Affairs Department.

169. Defendant Commissioner Charles Ramsey has publicly expressed numerous times his inability to effect change within the Philadelphia Police Department via sterner discipline, suspensions, and/or terminations stems from the cost and concessions necessary to satisfy the Fraternal Order of Police Officers' Union.

170. Defendants City of Philadelphia, Linwood Norman, Charles Ramsey, Richard Ross Jr., Kevin Bethel, Thomas Wright, William Blackburn, and Denise Turpin were deliberately indifferent to the Plaintiff's and others' rights by failing to act on information constitutional rights were being violated by Defendants on a massive scale and instead placed money, political gain, labor peace, lessened controversy, and liability above safeguarding the citizens they were entrusted with protecting all while acting under the color of law.

171. Plaintiff's injuries were the direct, legal, and proximate result of negligent acts and omissions committed by Defendants.

172. The Defendant arresting Police Officers' defamation, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages

  a. Past and future costs for medical treatment and care;

  b. Loss of past and future earnings and earning capacity;

  c. Loss of enjoyment of life;

  d. Loss of enjoyment of freedom;

  e. Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT IX – DEFAMATION

173. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length

174. The Defendants' false attestations contained within the police paperwork and subsequent testimony in a public forum during open court proceedings caused the Plaintiff's injury, anxiety, embarrassment, loss of reputation, and fear and these communications by Defendants tend to harm the Plaintiff's reputation and injure each of them in his business and/or profession.

175. The falsified evidence, attestations, and testimony numerous times in different circumstances demonstrate these statements and writings about Plaintiff were not subject to a potential innocent interpretation, which a reasonable person could infer.

176. The Defendants utilized actual malice and published their writings and words to the public with knowledge of their falsity and with a reckless disregard for the truth.

177. The Plaintiff never consented to the Defendants making any such statements or writings as they did and continue to dispute them.

178. The Defendant arresting Police Officers' defamation, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages

 f. Past and future costs for medical treatment and care;

 g. Loss of past and future earnings and earning capacity;

 h. Loss of enjoyment of life;

 i. Loss of enjoyment of freedom;

 j. Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## <u>COUNT X – INVASION OF PRIVACY</u>

179. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length

180. The Defendants invaded the Plaintiff's privacy and portrayed them in a false light in the public eye by providing unwanted and negative publicity via falsifying criminal acts, presenting this fake material to a tribunal, and unjustly securing Plaintiff's conviction, extreme, outrageous, and highly offensive conduct.

181. These statements and writings are of no legitimate concern to the public, have no newsworthy value, and simultaneously drain the community's resources and erode its trust towards Government and law enforcement officials.

182. The Defendants actions when improperly searching and seizing Plaintiff person and his vehicle was a highly offensive intrusion of Plaintiff's solitude and enjoyment of peaceful assembly.

183. Plaintiff Newton has a reasonable expectation of privacy in his vehicle.

184. Plaintiff Newton had a reasonable expectation of privacy from intrusion upon seclusion when they were present inside his vehicle especially because it was secured and never he never consented to his property and/or himself from unjust search and entrance.

185. Plaintiff Garcia had a reasonable privacy expectation in her home, its papers, and effects, regardless of her physical presence.

186. The Defendant arresting Police Officers' invasion of privacy, their confederates and co-conspirators assistance with active participation and concealment, and specifically the City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, William Blackburn, Denise Turpin, and Charles Ramsey custom and policy to not properly train, supervise, and manage police officers and confidential informants utilized therein during illegal narcotic investigations directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered and/or will continue to suffer the following damages

    k.  Past and future costs for medical treatment and care;

    l.  Loss of past and future earnings and earning capacity;

    m.  Loss of enjoyment of life;

    n.  Loss of enjoyment of freedom;

    o.  Past and future pain and suffering, inconvenience, and emotional distress

**WHEREFORE**, Plaintiff demand judgment against Defendants Joseph McCloskey, Michael Spicer, Perry Betts, Jeffrey Walker, Thomas Liciardello, Johnathan Speiser, Brian Reynolds, Linwood Norman, Jane Does 1-25, John Does 1-25, Charles Ramsey, City of Philadelphia, Richard Ross, Jr., Kevin Bethel, Thomas Wright, Denise Turpin, James O'Neill, Leslie Simmons, Nathan London, Rickman Williams-Jackson, Gregory Barber, Kevin Gorman, Christine Tyson, Kandis Gillard, Philip Sajju, and William Blackburn, against the Defendants in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT XII – JURY DEMAND

187. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

188. Plaintiff demand a jury to determine the extent of damages and provide a full and fair hearing pursuant to the United States Constitutional Amendments V, VI, and XIV.


## COUNT XII – PUNITIVE DAMAGES

189. Plaintiff allege and incorporate via reference the allegations contained in all of the above paragraphs, as fully as though the same were set forth herein at length.

190. In awarding punitive damages, "[t]he proper focus is on 'the act itself together with all the circumstances."[52]  The focus, therefore, is on the conduct, not on the excuses offered at trial. Furthermore, " '[p]unitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others.' "[53]

191. Defendants' actions in depriving Plaintiff of their rights, freedoms, and liberties is so outrageous as to shock the conscience of reasonable persons and evidence reckless indifference for the Plaintiff's rights.

192. Municipalities and cities are liable for damages flowing from constitutional violations that it caused through the execution of its policy or custom.

193. The City of Philadelphia did that here by failing to properly train, supervise, investigate, hold accountable, prevent, and arrest a litany of rogue officers with the Narcotics Strike Force[54].

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty–Thousand Dollars ($150,000) against all Defendants, officially, personally, professionally, individually, jointly, and severally.

---

[52] *Rizzo v. Haines,* **520 Pa. 484**, 507, **555 A.2d 58**, 69 (1989).
[53] *Feld v. Merriam,* **506 Pa. 383**, 395, **485 A.2d 742**, 747-48 (1984).
[54] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-92 (1978); *see Owen v. City of Independence*, 445 U.S. 622 (1980).

Respectfully Submitted,


David Wesley Cornish, Esquire
Bar Id No: 310865
Supervising Attorney
Cornerstone Legal Group, LLC
1510 Cecil B. Moore Avenue, Suite 301
Philadelphia, PA 19121
888-313-1385
215-752-6762 (Facsimile)
ATTORNEY FOR PLAINTIFF

*DATE*: November 24, 2014

## <u>VERIFICATAION OF COMPLAINT</u>

I, Joseph Newton, a citizen of the United States of America and a resident of Philadelphia

County, Pennsylvania, hereby declare that I have read the foregoing Verified Complaint and the factual

allegations therein, and the facts as alleged and true and correct.

Date:   November 24, 2014

_____

                                                                                    Joseph Newton

Sworn to and subscribed before me this the _____ day of November, 2014

_____

                                                                                    NOTARY PUBLIC

My Commission Expires:

_____